HEATH *v.* HEATH.

APPEAL—CONFLICTING EVIDENCE—REVIEW.

A finding of fact in a chancery case, based upon the conflict-
ing testimony of witnesses examined in open court, will not
ordinarily be disturbed on appeal.

Appeal from Tuscola; Beach, J. Submitted February
9, 1899. Decided June 5, 1899.

Bill by Ezra Heath, administrator of the estate of
Joshua A. Heath, deceased, against Selah Heath, to set
aside a deed. From a decree for complainant, defendant
appeals. Affirmed.

Joshua A. Heath died December 1, 1895. Until August
14th of the same year he resided upon his farm in Fair-
grove, Tuscola county. He was the owner of 120 acres
of land. Complainant was appointed administrator.
Claims were allowed against the estate amounting to
$594.95. On August 14, 1895, Joshua deeded to his son,
the defendant, 80 acres of land, the consideration stated
in the deed being $1. At the same time he deeded the
other 40 acres to his son Emerson. The administrator
found no property with which to pay the debts and ex-
penses of administration, and filed this bill to set aside the
deed to defendant on the ground that it was void as
against creditors. Defendant claimed that the deed was
made in consideration of a debt due from his father to
him, and an agreement to take care of him during the
remainder of his life. Joshua was then 72 years old, in
failing health, and expected to live but a short time. The
claim of the administrator is that the deed was without
consideration as against creditors, and that there was no
consideration other than the promise to take care of his
father. Defendant lived at Cheboygan, and, after the
deed was made, took his father home with him. Proofs

were taken in open court, and a decree entered for the complainant.

*John E. Kinnane*, for complainant.

*T. W. Atwood*, for defendant.

GRANT, C. J. (*after stating the facts*). No legal questions are involved. The question is one of fact purely, and the result depends entirely upon the credit to be given to the testimony. On all the facts there is a direct and sharp conflict of evidence. It would be unprofitable to state it in detail. We see no occasion to disturb the conclusion reached by the circuit judge, who saw the witnesses, and was in a better position than we to judge of their credibility.

Decree affirmed, with costs.

MONTGOMERY, MOORE, and LONG, JJ., concurred. HOOKER, J., did not sit.